### UNITED STATES v. MERCK & CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 129 (3,922).

CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—EUQUININE—"SALTS OF CINCHONA BARK."

In Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 647, 30 Stat. 201 (U. S. Comp. St. 1901, p. 1687), the provision for "salts of cinchona bark" is not in the language of chemical science. It was meant to include

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

derivatives of cinchona bark which preserved its essential medicinal element; and euquinine, which is such a preparation, though not chemically a salt, is within said provision.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 27; Dec. Dig. § 38.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court reversing a decision of the Board of General Appraisers, which sustained the collector's classification for duty of certain merchandise imported under Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626).

J. Osgood Nichols, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel, and Charles A. Darius, on the brief), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The article in question, "euquinine," is, as its name implies, a preparation more or less directly from cinchona bark, for use in medicine. Its medicinal qualities are substantially the same as those of sulphate of quinia and other preparations from the same source. The physical qualities have been so modified that the bitter taste, usually characteristic of quinine preparations, has been eliminated, and the disagreeable sensation in the ears, which often accompanies the administration of quinine, is also avoided. Alcohol is used in its preparation. The collector classified it under—

"Par. 67. Medicinal preparations containing alcohol or in the preparation of which alcohol is used, not specially provided for in this act, 55 cents per pound, but in no case shall the same pay less than 25 per centum ad valorem." Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631).

The importer contends that it is covered by the free list:

"Par. 647. Quinia, sulphate of, and all alkaloids or salts of cinchona bark."

The board held that it "is not a salt of cinchona bark, but it is an ester, and a medicinal preparation in the preparation of which alcohol is used," and sustained the collector. There is a great deal of chemical testimony in the case, which we do not find it necessary to discuss. The word "ester" is a term of the German chemists, and applies to what the English chemist calls compound ethers. The weight of the expert evidence is to the effect that an ester is not in the strict use of chemical nomenclature a salt, although some of the witnesses say it is "an ethereal salt." But that is not determinative of the question. Congress did not use the language of chemical science in paragraph 647. It provides for "salts of cinchona bark," and all the experts agree that there is no such thing. What it meant undoubtedly was that quinine (sulphate of quinia) and the other derivatives from cinchona bark, which preserved the controlling or essential medicinal element of the bark, should be admitted free of duty. Since the group thus designat-

ed is a more specific one than that covered by paragraph 67, "medicinal preparations containing alcohol," etc., we concur with the judge who heard the cause at Circuit.

The decision is affirmed.

NOTE.—The following is the opinion of Platt, District Judge:

PLATT, District Judge. The merchandise in controversy is invoiced and known as "euquinine." Duty was assessed thereon at 25 per cent. ad valorem under paragraph 67 of the tariff act of 1897, and it is claimed in the importers' protest to be free under paragraph 647 of said act. There is an alternative claim under paragraph 21 of the act, but which was not urged upon the argument. The relevant paragraphs are as follows:

"67. Medicinal preparations containing alcohol, or in the preparation of which alcohol is used, not specially provided for in this act, fifty-five cents per pound, but in no case shall the same pay less than twenty-five per centum ad valorem."

"647. Quinia, sulphate of, and all alkaloids or salts of cinchona bark."

I think, when Congress used the expression "salts of cinchona bark," it meant the salt which can be found in and extracted from such bark. It is conceded that the essential principle of euquinine is found in cinchona bark, and that euquinine is an ester. The only question then remaining to be determined is whether an ester is a salt. Witnesses for the importer say that it is, and Dr. Schieffelin, who appears to be the chief witness for the government, says that euquinine is both an ester and an ethereal salt, but that, in his opinion, the latter term is a misnomer, and that it ought not to be so called. The final conclusion seems to be that the merchandise in dispute is an ethereal salt, and that it is derived from cinchona bark in the same way that sulphate of quinia is derived from the bark.

The decision of the Board of General Appraisers is reversed.